UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 11-cr-0020-KS

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                      **OPINION & ORDER**

PATRICK ANDREW DONALD                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Patrick Andrew Donald, to suppress and exclude the fruits of a November 10, 2010 search of his residence pursuant to a search warrant that he alleges was unlawful. [DE #11]. The United States has filed a response in opposition to the motion. [DE #16]. Donald did not file a reply to the United States' response and the time for doing so has expired. In addition, although Donald has requested a hearing, there are no questions of fact raised by Donald's motion to suppress. Rather, the issues presented are purely legal in nature and are adequately presented to the Court by the briefs filed by the parties. Thus, no hearing is necessary and, accordingly, this matter is ripe for review.

I.    FACTUAL BACKGROUND

On or about October 27, 2010, narcotics detectives with the Lexington Police Department were informed by a cooperating individual ("CI") that Donald was dealing marijuana and cocaine from his residence at 1176 Tatesbrook Drive, Side A, Lexington, Kentucky. The CI further advised detectives that Donald is a convicted felon who lives in the residence on Tatesbrook with his

1

girlfriend and his small child and that the CI had witnessed at least one (1) handgun in Donald's residence within the past month.

Based upon this initial information, narcotics detectives began an independent investigation of the CI's statements, including conducting surveillance and trash pulls at the Tatesbrook Drive residence and researching Donald's criminal history. Through the trash pulls, Detective Jared Curtsinger, a narcotics detective with the Lexington Police, found evidence of drug use, possession or trafficking by the individuals residing at 1176 Tatesbrook Drive, Side A. Specifically, Detective Curtsinger found evidence of torn plastic sandwich bags, sandwich bags with marijuana residue, marijuana stems and marijuana seeds, and burnt marijuana cigarettes. Detective Curtsinger also confirmed that Donald was a convicted felon.

Based upon the information provided by the CI, as well as the information obtained from the two trash pulls, the surveillance and the criminal history check, on or around November 9, 2010, Detective Curtsinger applied for a search warrant at the Fayette District Court. Detective Curtsinger was the affiant for the search warrant. As grounds for the search warrant, Detective Curtsinger stated:

> On 10-27-2010 the affiant was advised by a cooperating individual that a subject named Patrick Donald lives at 1176 Tatesbrook Drive Side A in Lexington and is dealing marijuana and cocaine from the residence. The CI advised that he has observed at least one handgun in the residence in the last month. The CI advised that Donald is a convicted felon and lives at the residence with his girlfriend and small child. The CI advised that Donald also drives a grey Cadillac with license plate number 822EAJ affixed to it.
>
> ...
>
> On 10-27-2010 the affiant went to the area of 1176 Tatesbrook Drive and observed a grey Cadillac with a Kentucky Registration Plate 822EAJ affixed to it parked in front of the residence. According to police records the vehicle is registered to Patrick

Donald.

On 10-29-2010 the affiant was in the area of 1176 Tatesbrook Drive and observed a trash receptacle at the curb of 1176 Tatesbrook Drive Side A. The affiant removed two white trash bags from the trash receptacle. The affiant conducted a search of the trash bags and located torn plastic sandwich bags and sandwich bag corners some of which contained marijuana residue. The affiant also located five burnt marijuana cigarettes and marijuana stems. The affiant also located mail matter addressed to S. S. at the residence of 1176 Tatesbrook Drive Side A.

On 11-04-2010 the affiant was conducting surveillance on the residence of 1176 Tatesbrook Drive Side A and observed Patrick Donald and S.S. arrive at the residence in the Cadillac and go inside the residence using the front door.

On 11-05-2010 the affiant was in the area of 1176 Tatesbrook Drive and observed a trash receptacle at the curb of 1176 Tatesbrook Drive Side A. The affiant removed two white trash bags from the trash receptacle. The affiant conducted a search of the trash bags. The affiant located torn plastic bags and sandwich bag corners some of which contained marijuana residue as well as loose marijuana stems and seeds. The affiant also located mail matter addressed to 1176 Tatesbrook Drive Side A.

The affiant conducted research into the criminal history of Patrick Donald. The affiant located where he had been convicted in 2002 of Robbery 1st Degree of a business with a gun. The affiant also located where in 2001 he was convicted of Terrorist Threatening and Criminal Mischief 2nd Degree. The affiant also located where he was convicted in 1999 for Disorderly Conduct and Resisting Arrest. The affiant also located where Donald had been convicted in 2010 of Possession of Marijuana. The affiant also located where he was charged with Assault 4th Domestic Violence on 10-10-2010 and located where that case is still pending an [sic] disposition.

The affiant also conducted research on the criminal history of S.S. who lives with Donald and has a child by him. The affiant was able to locate in police computers where S.S. was convicted in Federal Court in 2005 for Conspiracy to Import Heroin into the United States. The affiant was able to determine that S. is currently on Federal Supervision for that conviction.

Based on the information received during the investigation and follow-up investigation conducted by the affiant the affiant believes that evidence of narcotics use, possession, or trafficking will be found upon immediate search of the property located at 1176 Tatesbrook Drive Side A, Lexington, Kentucky.

[DE # 11-2, 11-4]

Fayette District Court Judge Joseph Bouvier reviewed the petition and Curtsinger's affidavit and signed the search warrant on November 9, 2010. Detectives executed the search warrant at 1176 Tatesbrook Drive, Side A, on November 10, 2010. During the search, detectives found a loaded .38 caliber revolver in a closet, along with digital scales containing suspected cocaine residue, plastic baggies containing marijuana residue, a mason jar with suspected cocaine residue and a burnt marijuana cigarette.

On February 3, 2011, a federal grand jury returned a one-count indictment against Donald, charging that, on or about November 10, 2010, Donald, a felon, did knowingly possess a firearm, in violation of 18 U.S.C. § 922(g)(1). This matter is currently set for trial on April 18, 2011. On March 14, 2011, Donald filed the instant motion to suppress and exclude the fruits of the November 10, 2010 search of his residence on the grounds that the search warrant was unlawful. [DE #11].

**I.      WHETHER THE SEARCH WARRANT IS SUPPORTED BY PROBABLE CAUSE**

Donald moves the Court to suppress the .38 caliber handgun that was recovered from his residence pursuant to the search on the grounds that the search warrant was defective. Specifically, Donald contends that the affidavit submitted in support of the search warrant lacks any indication of informant veracity, reliability, or basis of knowledge, and is without any meaningful corroboration. Donald also argues that the time lag between September 27, 2010, the beginning of the date range during which the CI said he saw the handgun at Donald's residence, and November 9, 2010, when the search warrant was issued, makes the information provided by the CI stale. Donald also argues that the evidence gathered from the trash pulls is as consistent with simple possession as with trafficking. Accordingly, Donald argues that detectives waited too long from the date of the last trash pull on November 5, 2010 to seek the search warrant on November 9, 2010,

4

because marijuana may be consumed quickly and four days would be more than enough time to consume the last marijuana cigarette.

Donald's claims are based on the Fourth Amendment to the Constitution, which states that "[t]he rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.Const. amend. IV. The Supreme Court has held that when determining whether probable cause for a search exists, the judge issuing the warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). The duty of a reviewing court, such as this Court, "is simply to ensure that the magistrate had a 'substantial basis' for concluding that probable cause existed." *Id*. Generally, a state court judge's determination of probable cause is to be afforded "great deference" and should be scrutinized in a "realistic and commonsense" manner. *United States v. Algie*, 721 F.2d 1039, 1041 (6th Cir. 1983).

Under the totality of the circumstances approach used to determine whether probable cause is present, this Court's task is "to assess the adequacy of all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of a confidential informant, as well as law enforcement's corroboration of the informant's tip." *United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008). The Sixth Circuit has recognized that two factors are critical in determining whether an affidavit based on a confidential informant's tip provides a substantial basis for finding probable

5

cause: "(1) an explicit and detailed description of alleged wrongdoing; and (2) corroboration of the tip through the officer's independent investigative work." *Id*. However, "an affidavit is not insufficient merely because it lacks explicitness of detail and every statement is not corroborated." *Id*. Moreover, an independent corroboration of an informant's information may provide other indicia of reliability "such that the absence of an 'explicit and detailed statement of alleged wrongdoing' is not critical and, under the totality of the circumstances, provides sufficient basis for establishing probable cause." *Id*. at 937.

In this case, the affidavit provides a detailed description of the alleged wrongdoing of the residents of 1176 Tatesbrook Drive Side A - namely that Donald was a convicted felon, that he was dealing in marijuana and cocaine, and that the CI had specifically seen a gun in Donald's house within the past month - such that the Fayette District Court Judge could have concluded that probable cause existed. In addition, the information that Donald was "dealing in marijuana and cocaine," provided by the CI to the police on October 27, 2010, was subsequently and independently corroborated by the discovery of the torn plastic sandwich bags, sandwich bags containing marijuana residue, marijuana stems and marijuana seeds, and burnt marijuana cigarettes discovered during the October 29 and November 5 trash pulls. The detectives also found mail linking the evidence of marijuana found in the trash pulls to Donald's residence. Detective Curtsinger's investigation into Donald's criminal history also confirmed the CI's statement that Donald is a convicted felon. Although Detective Curtsinger's affidavit does not identify the informant or provide further information regarding the informant's veracity or basis of knowledge, even "an affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information."

*United States v. Jackson*, 470 F.3d 299, 307 (6th Cir. 2006)(quoting *United States v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004). *See also United States v. Yarborough*, 272 Fed. Appx. 438, 442 (6th Cir. 2007)(even an anonymous tip that is corroborated by independent police work may be sufficient to establish probable cause)(citing *Gates*, 462 U.S. at 243-44).

This case is similar to the facts in *United States v. Pressley*, 928 F.2d 405, 1991 WL 32362 (6th Cir. Mar. 11, 1991). In *Pressley*, the affidavit accompanying the search warrant contained information from an anonymous informant that late in 1988 the defendant was engaged in the narcotics trade. Later, in February 1989, the police conducted a trash pull and found baggies containing cocaine residue. Based on the information from the anonymous informant and the baggies with cocaine residue, the officers obtained a search warrant for the defendant's residence. The search revealed the defendant in the home, as well as a substantial amount of cocaine, weapons, and money. The defendant moved to suppress the evidence, arguing that the affidavit improperly relied on a tip by an anonymous informant. The district court rejected the defendant's argument, and the appellate court upheld, stating "[t]he affidavit recited the far more significant fact of the discovery of baggies containing traces of cocaine base in the defendant's curbside trash." *Pressley*, at *4.

Like *Pressley*, the affidavit in this case did not rely solely on information from the CI. Instead, the police conducted a further independent investigation yielding substantial evidence, including evidence of marijuana found in curbside trash containing other evidence (mail addressed to 1176 Tatesbrook Drive Side A) linking the trash to the residence to be searched, indicating that a search would yield evidence of wrongdoing. Thus, considering the totality of the circumstances, the information contained within Detective Curtsinger's affidavit, including the corroboration of the

7

information provided by the CI, provided a substantial basis from which the Fayette District Court Judge could conclude that probable cause existed.

In addition, Donald's argument that the information received from the CI on October 27, 2010 regarding the presence of the handgun in Donald's residence was stale by November 9, 2010, the date the warrant was issued, must also be rejected. "[A] warrant is stale if the probable cause, while sufficient at some point in the past, is now insufficient as to evidence of a specific location." *United States v. Abboud*, 438 F.3d 554 (6th Cir. 2006). "A determination of whether an informant's tip is stale rests on several factors including 'the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?)." *United States v. Thomas*, 605 F.3d 300, 309 (6th Cir. 2010)(quoting *United States v. Hammond*, 351 F.3d 765, 771 (6th Cir. 2003))

Donald argues that, on October 27, 2010, the CI indicated that he had seen the handgun in Donald's residence sometime during the previous month. According to Donald, this means that the CI may have seen the gun as early as September 27, 2010 and that this would have given Donald or anyone else in the house sufficient time to sell or move the gun. However, even assuming that Donald's reliance on the earliest date of the date range provided by the CI is appropriate, less than two weeks passed from the time that the police received the information from the CI regarding Donald's suspected criminal activity and the dates the warrant was issued and executed. In addition, considering the factors above, the "character" of the crime of being a felon in possession of a handgun is more like a "regenerating conspiracy" by an "entrenched" criminal than a "chance encounter in the night" by a "nomad." Moreover, a gun is not "perishable or easily transferable,"

but rather is of "enduring utility to its holder." Finally, the place to be searched was Donald's home, which was not a "mere criminal forum of convenience," but rather, more like a "secure operational base." Thus, considering these factors, the information provided by the CI regarding the presence of the handgun was not stale by the date the warrant was issued. *Id*. at 310. *See also United States v. Pinson*, 321 F.3d 558, 565 (6th Cir. 2003)(discussing multiple drug-related cases where the Sixth Circuit has held that probable cause existed despite the passage of time, noting that "[e]ven if a significant period of time elapsed, it is possible the magistrate judge may infer that a search would uncover evidence of wrongdoing.")(internal citations omitted). Regardless, even if the information provided by the CI was stale, "information from an informant that is otherwise stale may be 'refreshed' if the affidavit contains 'recent information [that] corroborates otherwise stale information." *Thomas*, 605 F.3d at 310 (6th Cir. 2010)(quoting *United States v. Spikes*, 158 F.3d 913, 924 (6th Cir. 1998)). In this case, the October 29 and November 5 trash pulls refreshed probable cause as to the existence of criminal activity at Donald's residence, namely the use and possible trafficking of marijuana.

Similarly, the Court also rejects Donald's theory that the information in the affidavit regarding the evidence of marijuana trafficking and use found in the October 29 and November 5, 2010 trash pulls was stale by the time the warrant was issued on November 9, 2010. The Sixth Circuit has repeatedly found staleness arguments in similar circumstances to be without merit. *See Jackson*, 470 F.3d at 308 (three-day period between controlled buy and issuance of the search warrant was reasonable and the warrant was not stale); *United States v. Johnson*, 351 F.3d 254, 260 (6th Cir. 2003)(where information in affidavit regarding presence of cocaine was at most four days old at the time of the search, there was no grounds for a staleness challenge).

Therefore, based on the totality of the circumstances, including the information received from the CI, the evidence of marijuana recovered from the trash pulls, and other information uncovered by the detectives, the Fayette District Court Judge had substantial basis for concluding that there was probable cause that a search would uncover evidence of wrongdoing at Donald's residence. Accordingly, the evidence resulting from the November 10, 2010 search was not obtained in violation of Donald's Fourth Amendment rights and, therefore, his motion to suppress will be denied.

Nevertheless, even if the Court determined that the search warrant affidavit lacked the necessary probable cause under the Fourth Amendment, the "good faith" exception to the exclusionary rule applies to this case. While the exclusionary rule generally precludes use of evidence obtained in violation of the Fourth Amendment, the Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984), held that the exclusionary rule "should be modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *Leon*, 468 U.S. at 905. According to the Sixth Circuit,

> The good faith exception to the exclusionary rule states that the fruits of a constitutionally infirm search need not necessarily be suppressed unless: (1) the warrant contained a knowing or reckless falsehood; (2) the issuing judge acted as a mere "rubber stamp" for the police; or (3) the warrant and the affidavit, even after extending appropriate deference to the issuing judge's determination, did not establish probable cause or possessed a technical deficiency such that the executing officers cannot reasonably assume the warrant to be valid.

*United States v. Logan*, 250 F.3d 350, 366 (6th Cir. 2001)(citing *Leon*, 468 U.S. at 922-23).

In this case, there is no evidence that any circumstances are present that would negate the good-faith exception. Donald has not argued that Detective Curtsinger gave a knowingly false affidavit or otherwise acted in bad faith in seeking the search warrant. Nor has Donald alleged that

the search warrant was issued by an improper or biased authority. The search warrant properly identifies the place to be search and was based on an affidavit containing detailed information related to Detective Curtsinger's investigation of Donald, including trash pulls revealing evidence of marijuana use and trafficking and mail addressed to Donald's residence. The warrant thus provides a sufficient link between the residence and drug activity such that a reasonably well-trained officer would not have known that the search was illegal. Moreover, the fruits of the search verify the accuracy of the information contained in Detective Curtsinger's affidavit. Accordingly, the good faith exception to the exclusionary rule applies in this case, and Donald's motion to suppress the evidence obtained from the search will be denied.

### III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that the defendant's Motion to Suppress [DE #11] is **DENIED**.

This April 6, 2011.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**